F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERTO HERNANDEZ,

Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

Respondent-Appellee.

No. 06-6306

(W.D. Oklahoma)

(D.C. No. 06-CV-141-R)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Alberto Hernandez, proceeding pro se, seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA).  Mr. Hernandez also seeks leave to proceed *in forma pauperis* ("IFP").  In his § 2254 petition, Mr. Hernandez raises nine contentions: (1) Oklahoma's construction of the child abuse murder statute, Okla. Stat. tit. 21 § 701.7(C), which does not require express or implied malice, is a substantive law violation; (2) the trial court erred when it admitted his videotaped statement as evidence; (3) the State failed to demonstrate that Mr. Hernandez's

waiver of his *Miranda* rights was knowing and voluntary; (4) the trial court's admission of a presumptive blood test violated his right to due process; (5) the trial court improperly admitted evidence of other bad acts, denying his right to a fair trial; (6) the trial court's failure to instruct on lesser included offenses deprived him of a fair trial; (7) the trial court erred when it failed to answer a jury question regarding the length of time served for a life sentence, in violation of his Eighth and Fourteenth Amendment rights; (8) cumulative error deprived him of a fundamentally fair trial; and (9) ineffective assistance of trial and appellate counsel. For substantially the same reasons set forth by the magistrate judge in his thorough report and recommendation, we reject Mr. Hernandez's application for a COA, deny his motion to proceed IFP, and dismiss this matter.

## I. BACKGROUND

Mr. Hernandez was convicted of child abuse murder in Oklahoma state court and received a sentence of life without parole. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on direct appeal and denied his application for post-conviction relief. He then filed this § 2254 action. The magistrate judge, in a 39-page report and recommendation, recommended that the district court deny the petition. The district court reviewed and rejected Mr. Hernandez's objections to the report and recommendation, adopted the report and recommendation, and denied Mr. Hernandez's application for a COA.

## II. DISCUSSION

In order to obtain a COA, Mr. Hernandez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, Mr. Hernandez "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

Here, for substantially the same reasons set forth in the district court's order and magistrate judge's report and recommendation, we conclude that Mr. Hernandez is not entitled to a COA. First, Oklahoma courts have construed Oklahoma's child abuse murder statute, Okla. Stat. tit. 21 § 701.7(C), as analogous to the crime of felony murder. "Felony murder is a crime of general intent, and proof of the underlying felony is all that is needed to prove to intent necessary for a felony murder conviction." Rec. doc. 16, at 6 (Mag. Judge's Report and Rec. filed July 31, 2006). Similarly, proof of the underlying child abuse is required to obtain a child abuse murder conviction. *Id.* We also agree that the child abuse murder statute provides fair warning of the conduct and mental state require, thus defeating Mr. Hernandez's due process claims.

We also reject Mr. Hernandez's second and third contentions that his post-*Miranda* videotaped statement resulted from an illegal arrest and that his waiver of his *Miranda* rights was not knowing and voluntary. We hold that the OCCA's determination that Mr. Hernandez was not unlawfully arrested and that his waiver of his *Miranda* rights was knowing and voluntary were not unreasonable applications of clearly established federal law.

Mr. Hernandez's fourth, fifth, sixth, and seventh challenges raise questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) ("Generally speaking, a state court's misapplication of its own evidentiary rules . . . is insufficient to grant habeas relief."). As the magistrate judge observed, the alleged errors were not so grossly prejudicial that they fatally infected the trial and denied fundamental fairness; without such fundamental unfairness, alleged or actual, state law errors cannot implicate federal rights. Mr. Hernandez's eighth claim of cumulative error also fails, because this analysis "does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). Finally, Mr. Hernandez's ninth claim of ineffective assistance of trial and appellate counsel, which stems from his allegedly illegal arrest, also fails. As established above, the OCCA concluded that "regardless of the performance of his counsel, [Mr. Hernandez] has not established that his arrest was unlawful or

illegal.  Moreover, even if counsel had performed as [Mr. Hernandez] thinks they should have, he has not established that the outcome of his trial and appeal would have or should have been different."  Rec. doc. 14, Ex. E, Order Affirming Denial of Application for Post-Conviction Relief, at 2-3 (filed Jan. 31, 2006).  Thus, we hold that the OCCA's conclusion that Mr. Hernandez's trial and appellate counsel were not ineffective is not reasonably debatable.

## III. CONCLUSION

Based on our review of the record, the magistrate judge's report and recommendation, the district court's order, and Mr. Hernandez's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of his petition.  Accordingly, we DENY his request for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,
ELISABETH A. SHUMAKER, Clerk


By:
    Deputy Clerk

-5-